IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: | ) Case No. 04-20653-659 |
| | ) Chapter 12 |
| NATHAN AND JUANITA SCHREIBER, | ) |
| | ) **TRUSTEE'S MOTION TO CONVERT** |
| Debtors. | ) **CASE PURSUANT TO 11 U.S.C. § 1208** |

COMES NOW David A. Sosne, Trustee herein, by and through Counsel and states as follows for his Motion to Convert Pursuant to 11 U.S.C. § 1208 herein:

1. This is a core proceeding concerning the administration of a bankruptcy estate pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A) which this Court may hear and determine pursuant to Eastern District Local Rule 9.01(a).

2. Nathan and Juanita Schreiber [hereinafter "Debtors"] filed a voluntary joint petition under Chapter 12 of the Code on November 9, 2004.

3. David A. Sosne ("Trustee") is the duly appointed, qualified, and acting Trustee herein.

4. On December 21, 2004 and February 25, 2005 Trustee conducted the meeting of creditors in this case.

5. At the meeting of creditors the Debtors testified and Trustee learned that, post-petition and without court approval or consent of any party, the Debtors sold collateral pledged to one or more of their secured creditors without authorization and disposed of some or all of the proceeds of those sales, to wit:

* On or about December 1, 2004, Debtors sold 15 feeder cattle at Bloomfield Livestock Auction House for $8,121.07, which funds were, in part, used to pay pre-petition debts

including $3,300.00 to Betty Phillips, a landlord who leases farmland to the Debtors, and also, in part, converted by the Debtors to pay personal living expenses.

* On or about December 8, 2004, Debtors sold 18 feeder cattle at Bloomfield Livestock Auction House for $8,071.89, which funds were, in whole or in part, used to pay pre-petition debts including, but not limited to, a payment to Stanley and Evelyn Schreiber, relatives of the Debtors, who lease farmland to the Debtors.

6.	At the meeting of creditors the Debtors testified and Trustee learned that, pre-petition, without consent of any party, and in violation of instructions not to do so, the Debtors sold collateral pledged to one or more of their secured creditors out of trust and disposed of some or all of the proceeds of those sales, to wit:

* On or about July 31, 2004, Debtors sold 1 feeder cow at Keosauqua, Iowa for $625.10 in the name of Mr. Schreiber's father, which funds were not paid over to the Debtors' secured lender.

* On or about September 18, 2004, Debtors sold 8 feeder cattle at Keosauqua, Iowa for $4,709.89 in the name of Mr. Schreiber's father, which funds were not paid over to the Debtors' secured lender.

* On or about September 25, 2004, Debtors sold 3 feeder cattle at Keosauqua, Iowa for $1,735.01 in the name of Mr. Schreiber's father, which funds were not paid over to the Debtors' secured lender.

* On or about October 14, 2004, Debtors sold 19 bulls at Carthage Livestock for $11,380.65 in the name of Mr. Schreiber's father, which funds were placed in a bank account owned by Mr. Schreiber's father. From these funds, $4,500.00 was paid by check to Debtors by Mr. Schreiber's parent/s which check was, upon information and belief, endorsed over to the

Debtors' bankruptcy attorney for his retainer in the present matter. Moreover, Mr. Schreiber's parent/s wrote checks for the remainder of the funds to Debtors, who then used those funds to pay personal living expenses.

7. None of these pre-petition sales are disclosed on the Debtors' bankruptcy schedules and statements. Moreover, the Debtors' schedules and statements fail to disclose the funds that were in Mr. Schreiber's father's checking account as of the Petition Date herein or to disclose the disposition of those funds.

8. Section 1208 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (hereinafter "the Code") permits conversion of a case under Chapter 12 of the Code to a case under Chapter 7 of the Code upon a showing that the Debtor has committed fraud in connection with the case. See 11 U.S.C. § 1208(d).

9. In the present matter, Debtors have committed fraud in that the Debtors have filed false schedules and statements of financial affairs. Moreover, the Debtors sold collateral out of trust both pre-petition and post-petition without disclosure prior to the meetings of creditors herein and have disposed of and converted the proceeds of said sales to their personal use including, but not limited to, the payment of insiders. Moreover, the fact that the pre-petition sales were accomplished in the name of Mr. Schreiber's father, after the Debtors were previously admonished not to sell collateral in the name of a straw party or without the secured creditors' consent, indicates that the Debtors understood the nature and quality of their fraudulent actions and intended to commit, and to attempt to conceal, such actions in a fraud upon their creditors and this Court. In fact, Debtor Nathan Schreiber acknowledged at the 341 meeting that he knew his actions were improper but did them knowing they were wrong. Furthermore, the Trustee is

appalled that the Debtors utilized this artifice as part of the payment of their counsel in this matter.

10. Clearly, section 1208(d) of the Code contemplates conversion in a case such as this where there are preferences and other voidable transfers that the Trustee can pursue for the benefit of creditors herein, as well as a post-petition personal injury suit that constitutes property of the estate in upon any such conversion. Dismissal of this case would not be in the best interest of the Debtors' bankruptcy estate or the Debtors' creditors in that it would impair the Trustee's ability to collect assets and distribute the proceeds of those assets to creditors.

WHEREFORE, the Trustee prays that the Court grant his motion to convert herein be granted, converted this bankruptcy case to one under Chapter 7 of the Code, and grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,
SUMMERS, COMPTON, WELLS & HAMBURG

Date: March 10, 2005

/s/  Bonnie L. Clair
BONNIE L. CLAIR, Mo #41696; EDMo 44553
Attorney for Chapter 12 Trustee
8909 Ladue Road
St. Louis, Missouri  63124
(314)991-4999
(314)991-2413/FAX
trusteeatty@scwh.com

**REMAINDER OF PAGE INTENTIONALLY LEFT BLANK**

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing was served via electronic filing in the CM/ECF system of the United States Bankruptcy Court for the Eastern District of Missouri to the parties requesting service by electronic filing. I hereby also certify that a copy of the foregoing was served via United States Mail, first class postage prepaid, on the date of the electronic filing of this document to those individuals and entities not requesting service by electronic filing. The individuals and entities being served electronically or by mail are:

Office of the United States Trustee
Thomas F. Eagleton Building
111 South Tenth Street, Suite 6353
St. Louis, Missouri 63102

Shelley Forrest
Missouri Attorney General's Office
P.O. Box 899
Jefferson City, Missouri 65102

Fredrich J. Cruse
The Cruse Law Firm
P.O. Box 914,
718 Broadway
Hannibal, Missouri  63401-0914

Todd Ahrens
Ahrens, Hale & Lemon, LLC
800 Broadway
P.O. Box 1255
Hannibal, Missouri 63401

Nathan and Juanita Schreiber
RR2, Box 25A
Farmington, Iowa 52626

David Wasinger
Murphy Wasinger, LC
1401 South Brentwood Blvd.
Magna Place, Suite 550
St. Louis, Missouri 63144

        /s/ Wendy Ballard